

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

MARK J. VANGSNES, as Conservator for JEREMY PAUL VANGSNES, an incompetent,

Plaintiff,

vs.

LIBERTY MUTUAL GROUP, INC.,

Defendant.

CV 12-85-BU-DLC

ORDER

On November 1, 2013, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on Plaintiff's Motion to Remand. Judge Ostby recommended granting the motion to remand, finding that the Complaint in this matter does not, on its face, demonstrate that the amount in controversy meets the jurisdictional minimum in a diversity case. She also rejected Defendant's argument that the Court could assert supplemental jurisdiction over the case because of its relationship with another case that has been removed to this Court that evolved from the same accident and insurance policy. Though Judge Ostby rejected this argument, she found that Defendant had an objectively reasonable basis for seeking removal and recommended the Court deny Plaintiff's request for attorney's fees.

Neither party has filed objections to Judge Ostby's findings and recommendation concerning remand. However, Plaintiff objects to her findings and recommendation regarding attorney's fees. Defendant filed a response to this objection. Plaintiff is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Other findings and recommendations are reviewed for clear error.

A court should award attorneys fees and costs under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court has "wide discretion" in deciding whether to award attorney fees. *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995). As Judge Ostby found, Defendant's arguments concerning the interpretation of the supplemental jurisdiction statute, 28 U.S.C. § 1367, judicial economy, and litigation efficiency did not lack an objectively reasonable basis. Though its arguments did not win the day, Defendant had a reasonable basis to seek removal, and attorney fees are therefore inappropriate. *Lussier v. DollarTree Stores, Inc.*, 518 F.3d 1062, (9th Cir. 2008) ("There is no question that [the defendant's] arguments were losers. But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

Having found no clear error in Judge Ostby's remaining findings and recommendations, IT IS ORDERED that Judge Ostby's Findings and Recommendation (doc. 17) are ADOPTED in full.

IT IS FURTHER ORDERED that Plaintiff's motion to remand (doc. 8) is GRANTED. This matter is remanded to the Montana Eighteenth Judicial District Court in Gallatin County. Plaintiff's request for attorney's fees, however, is denied.

Dated this 22nd day of May 2013.

Dana L. Christensen, Chief Judge
United States District Court